## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL CONSUMER LAW CENTER, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF EDUCATION, )<br><br>Defendant. ) | Civil Action No. _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the United States Department of Education (ED) to produce records responsive to a FOIA request regarding communications within and between ED and representatives of the for-profit higher education industry concerning current or potential litigation against ED's borrower defense regulations. 81 Fed. Reg. 75926 (Nov. 1, 2016); *see also* 82 Fed. Reg. 6253 (Jan. 19, 2017) (collectively, "Borrower Defense Regulations").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff National Consumer Law Center (NCLC), a non-profit corporation founded in 1969, assists consumers, advocates, and public policymakers nationwide who use the powerful and complex tools of consumer law to ensure justice and fair treatment for all, particularly those whose poverty renders them powerless to demand accountability. NCLC

regularly issues reports, books, and newsletters on consumer issues, including student loan law, which are distributed to consumers, lawyers, academics, and other interested parties. NCLC also houses the Student Loan Borrower Assistance Project (SLBA), which focuses on providing information about student loan rights and responsibilities for borrowers and advocates. SLBA also seeks to increase public understanding of student lending issues and to identify policy solutions to promote access to education, lessen student debt burdens, and make loan repayment more manageable. NCLC's principal place of business is located at 7 Winthrop Square, Boston, Massachusetts, 02110-1245.

4.      Defendant ED is an agency of the federal government of the United States and has possession of and control over the records plaintiff seeks.

## FACTS

**Borrower Defense Regulations and Related Litigation**

5.      In November 2016, ED promulgated the Borrower Defense Regulations to, *inter alia*, "specify the conditions and processes under which a borrower may assert a defense to repayment of a Direct Loan." Those regulations also included other important student protections, such as a provision conditioning school participation in the Title IV federal student aid program on agreement not to use certain types of predispute arbitration clauses and class action waivers, and a provision ensuring loan relief for students whose schools close before they complete their program.

6.      On June 16, 2017, ED postponed the July 1, 2017, effective date of the Borrower Defense Regulations, citing pending litigation challenging the regulations in *California Association of Private Postsecondary Schools v. DeVos*, No. 1:17-cv-00999 (D.D.C. May 24, 2017) (*CAPPS*). 82 Fed. Reg. 27621 (June 16, 2017).

2

7.     Following ED's postponement of the Borrower Defense Regulations, individual borrowers and several state attorneys general filed lawsuits challenging this delay—and subsequent delays—arguing that ED improperly relied on *CAPPS* to undo the Borrower Defense Regulations. *See Bauer v. DeVos*, No. 17-cv-1330 (D.D.C. July 6, 2017); *Massachusetts v. U.S. Dep't of Education*, No. 17-cv-1331 (D.D.C. July 6, 2017).

**NCLC's FOIA Request**

8.     On June 30, 2017, NCLC submitted a FOIA request via email requesting:

> [A]ny and all communications between the dates of January 21, 2017 to June 15, 2017, that discuss, describe, refer to, or otherwise reference the lawsuit, *California Association of Private Postsecondary Schools v. Betsy DeVos*, No. 1:17-cv-00999 (D.D.C. May 24, 2017), or any potential litigation regarding the Borrower Defense Regulations[.]

9.     NCLC stated the request included, without limitation, communications on the topic described that originated from, were directed to, or referred to the following persons:

> a.  ED employees: James Manning, Robert Eitel, Justin Reamer, Andrew Kossack, Lynn Mahaffie, Kathleen Smith, Josh Venable, Steven Menashi, Phil Rosenfeld, Elizabeth McFadden, or Jenny Prescott;
>
> b.  CAPPS employees: Robert Johnson or Keith Zakarin;
>
> c.  CAPPS attorneys: Boris Bershteyn, Gregory Bailey, Clifford Sloan, Caroline Van Zile, or Robert L. Shapiro;
>
> d.  Career Education Colleges and Universities employees: Steve Gunderson, Michael Dakduk, Melanie Young, or Allison Brown.

10.     By email dated December 7, 2017, ED provided a final response to the FOIA request. ED provided 121 pages of responsive documents, withholding certain portions of the

documents under FOIA exemptions 5 and 6. As to its withholding under exemption 5, ED stated that the withheld information was protected by the government's deliberative process privilege.

11.     By email sent January 10, 2018, NCLC appealed ED's partial denial of NCLC's FOIA request. Specifically, NCLC appealed ED's final response for failure to conduct an adequate search for responsive records and for improperly relying on exemption 5 to withhold certain information from the responsive documents.

12.     In arguing ED failed to conduct an adequate search, NCLC identified at least one specific document ED produced in litigation over the Borrower Defense Regulations that had not been produced in response to NCLC's FOIA request and was clearly responsive to the FOIA request.

13.     By letter dated January 11, 2018, ED acknowledged receipt of NCLC's administrative appeal.

14.     Under 5 U.S.C. § 552(a)(6)(A)(ii), ED had 20 working days to respond to NCLC's administrative appeal. To date, NCLC has not received a determination of its administrative appeal.

**FIRST CAUSE OF ACTION**
**(FOIA – Failure to Conduct an Adequate Search for Records)**

15.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), NCLC has exhausted all administrative remedies with respect to this FOIA request.

16.     NCLC has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(C), to an adequate search for the records it requested and to the release of any non-exempt records identified in that adequate search. No legal basis exists for ED's failure to search adequately for the records NCLC seeks.

## SECOND CAUSE OF ACTION
### (FOIA – Failure to Disclose Responsive Records)

17.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), NCLC has exhausted all administrative remedies with respect to this FOIA request.

18.     NCLC has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for ED's failure to disclose the unproduced records in full and the portions of produced records that were withheld under exemption 5. FOIA also requires agencies to release "[a]ny reasonably segregable portion of a record," 5 U.S.C. § 552(b), and ED has not fulfilled its segregability obligation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that this Court:

(1) Declare that ED's search was inadequate and its withholding of the requested records is unlawful;

(2) Order ED to undertake an additional search for responsive records;

(3) Order ED to make the requested records available to plaintiff at no cost and without delay;

(4) Award plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as this Court may deem just and proper.

Dated: April 19, 2018

Respectfully submitted,

Persis Yu, BBO No. 685951
Stuart Rossman, BBO No. 430640
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110-1245
(617) 542-8010
pyu@nclc.org

Patrick D. Llewellyn*
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
pllewellyn@citizen.org

*Pro hac vice application to be filed